McCAMMACK *v.* HARRIS

[No. 18,174. Filed March 28, 1952.]

*Gillen & Lyon,* of Greencastle, and *Kivett, Chambers, Vernon & Kivett,* of Indianapolis, for appellant.

*Rex Boyd,* of Greencastle, and *Stevenson & Kendall,* of Danville, for appellee.

ROYSE, J.—About 5:30 A. M. on the first day of September, 1948, appellee was driving her Studebaker automobile in a southerly direction on a black-top street in the town of Coatsville near the entrance to the Coatsville cemetery which is located east of the north and south highway on which she was driving. The driveway to the cemetery entrance is about sixteen feet wide and marked by two cement block posts. South of the cemetery entrance there is a curve and hill which would make it impossible to see the entrance from a point about one hundred fifty feet south of the entrance. This highway was downgrade from the south of the ceme-

tery. Immediately adjoining the traveled portion of the highway on the west and opposite the cemetery entrance the road was widened by dropping some crushed stone, gravel and cinders. This space had been used frequently by the highway department as a storage place. There is evidence that at the time of the accident herein there was a road grader on this portion of the highway.

On the day referred to above appellee intended to visit her mother's grave in the cemetery. At a point about ten feet north of the north entrance post, when her automobile was just west of the center line of the highway, she slackened the speed of her automobile to about two miles per hour. She extended her hand to indicate she was going to turn left, looked to the south and saw no automobile approaching. (At this point she could see down the road south about one hundred fifty feet). She traveled a distance of about six or eight feet to the left when she was struck by the automobile driven by appellant. She sustained serious personal injuries and her automobile was badly damaged.

Appellee brought this action in two paragraphs for damages for personal injuries and damages to her automobile. In view of the contentions of appellant here, we do not deem it necessary to refer to the allegations of negligence in the complaint. Trial to a jury resulted in a verdict against appellant for $3,478.50. Judgment accordingly. The error assigned here is the overruling of the motion for a new trial.

Appellant in his brief has grouped the first two specifications of this motion, viz., the verdict is not sustained by sufficient evidence and is contrary to law. In support of this contention appellant contends the record discloses appellee was guilty of contributory negligence as a matter of law. He says this is true because if appellee, before attempting to turn across the road, had pulled

to the west side of the black-top road onto the berm she would have had a full view of the highway south for more than one-fourth of a mile. He further contends her action was a violation of §47-2021, Burns' 1940 Replacement, which provides as follows:

"No vehicle shall be turned so as to proceed in the opposite direction upon any curve, or upon the approach to, or near the crest of a grade, where such vehicle can not be seen by the driver of any other vehicle approaching from either direction within seven hundred fifty (750) feet."

We cannot agree with these contentions.

It is a matter of common knowledge that when a driver of an automobile on a public highway desires to make a left turn off of such highway he will ordinarily proceed as near as possible to the right of the center line of the highway, slow down, and give a signal of his intention to turn left. Of course, under such circumstances he must look to see if he can safely make such turn. The uncontradicted evidence in this case discloses this is exactly what the appellee did. There is no evidence in the record which would indicate that because of the peculiar conditions existing on the highway at the time she should have acted differently.

There is no merit to the contention that appellee violated the above quoted section of the statute. This statute clearly and unmistakeably refers to a "U" turn, that is, a complete turn such as where a vehicle driving south turns around to the north. The evidence herein is undisputed that appellee was attempting to make a left turn when the accident occurred. There is ample evidence to sustain the verdict and it is not contrary to law.

Appellant has combined specifications 7, 8, 11, and 14 of his motion for a new trial. These assert error because the trial court refused to give his tendered instructions 5, 6, 10 and 13.

Instruction 5 was to the effect that the law which requires a driver of an automobile "to look for vehicles approaching from the opposite direction before making a left turn across a public highway requires such driver to look from a place within the highway where the driver could reasonably drive where the looking would be effective, and if the view was obscure in certain positions but would be clear from another position which the driver could reasonably take, and the driver failed to use ordinary care to place his or herself in the position where he or she would have the better view, and such failure contributes proximately to an injury," such person cannot recover. Conceding without deciding that this was a proper instruction, in our opinion the error, if any, in refusing to give it did not harm appellant. In several instructions the court correctly and adequately instructed the jury as to what would constitute contributory negligence on the facts in this case.

Instructions 6, 10 and 13 were to the effect that if the exercise of reasonable care required appellee to move to the right of the traveled portion of the highway before making the left turn she would be guilty of contributory negligence, and if such negligence was the proximate cause of her injuries, she could not recover. For the reasons hereinbefore stated, we do not believe these instructions were a correct statement of the law applicable to this case.

Appellant next contends the trial court erred in refusing to give his tendered instructions 8 and 11. These instructions were based on the assumption that the

provisions of §47-2021, *supra,* were applicable in this case. As heretofore indicated, this section of the statute was not applicable to this case. Therefore, these instructions were properly refused.

Finally, appellant contends the trial court erred in refusing to give to the jury his tendered instruction 9. This instruction was substantially the same as appellant's instruction 5. What we have said in reference to that instruction applies to this instruction.

Judgment affirmed.

NOTE.—Reported in 104 N. E. 2d 678.